Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about June 6, 2012, which granted third-party defendant’s motion to sever the third-party action, unanimously affirmed, without costs.
Since the main action involves the factual issue whether there was a defect in the sidewalk that contributed to plaintiffs injury, and the third-party action involves lease contract issues such as indemnification, and plaintiff, who has filed a note of issue, would be prejudiced by the delay caused by the need for discovery in the third-party action, severance of the third-party action was appropriate (see CPLR 1010; Garcia v Gesher Realty Corp., 280 AD2d 440 [1st Dept 2001]).
We reject defendant/third-party plaintiff landowner’s argument, pursuant to CPLR 1001 (b) (2) and (5), that third-party defendant tenant is a necessary party to the main action. Plaintiffs cause of action is grounded in Administrative Code of the City of New York § 7-210, which imposes on the owner of property abutting a sidewalk a nondelegable duty to maintain *646 the sidewalk in reasonably safe condition (see e.g. Collado v Cruz, 81 AD3d 542 [1st Dept 2011]). The provisions of the tenant’s lease obligating it to repair the sidewalk could not be enforced through the main action (id.). Concur—Acosta, J.E, Renwick, Richter and Feinman, JJ.